## In the matter of RYDER, an infant.

Where the rents and profits and income of real and personal property were devised and bequeathed to a feme covert for life, for her separate use, free from the control of her then husband, or of any future husband, with remainder to her surviving children and to the issue of such of her children as should have died leaving issue at the time of her death; *Held* that the court of chancery could not, during her lifetime, apply any part of the capital of the estate to the support of her minor children; their whole interest in the estate being contingent, and liable to be divested, in favor of other persons, in case of their dying during the lifetime of their mother.

The court of chancery has no jurisdiction to compel a parent to support his children, even if the parent has property sufficient for that purpose.

A parent, who is able to do so, is bound to support his infant children, so far as is necessary to preserve them from perishing from want or destitution. But the law gives him a corresponding right to the services of his children, so far as they are able to earn their living.

Where a son who was twenty years of age, and capable of earning his own living, applied to the court of chancery, by petition, to compel his mother, who was able to furnish him the means for a professional education, to make him an allowance for that purpose, the petition was dismissed with costs, to be paid by the next friend in whose name the petition was presented.

*It seems*, that it is an indictable offence for a parent, possessed of sufficient property to support his infant children, who are unable to support themselves, to permit them to suffer from want of the necessaries of life. And where a parent wilfully neglects to support his children, in such a case, a stranger may furnish them with necessaries, and recover compensation therefor from the parent.

THIS was an appeal from an order of the vice chancellor of the first circuit. The appellant, who was a young gentleman of the age of twenty years, presented a petition to the vice chancellor, by his next friend, stating in substance that his grandmother, by her will, gave to her daughter, the mother of the petitioner, the rents and profits and income of her real and personal estate for life, for her separate use, free from the control of her then husband, or any future husband; with remainder to her surviving children and to the issue of such as should have died leaving issue, at her death; that, in 1842, the father of the petitioner died, leaving five infant children wholly dependant upon the property of their mother for support; that she afterwards married D. Richards

and had one child by him; and that, for the reasons stated in the petition, his mother and her husband had refused to allow him a support out of the income of the estate so devised by his grandmother. He therefore insisted that, by the law of the land, his mother was bound to maintain and support him decently, and to educate him in a manner suitable to her condition in life and to her means; and also that, by the will of the testatrix, his mother was bound to apply the income of the property as well to the support of her children, as to her own use and benefit. And he prayed that the trustee of the estate might be ordered and directed by this court to pay to him, from time to time, such sums as should be convenient and necessary for his support, out of the income of the estate, not exceeding $350 per annum, or that such sums should be allowed and paid to him out of his share of the estate which was devised in remainder after his mother's death. The mother and the stepfather of the petitioner, and also the trustee of the estate, appeared and opposed the granting of the prayer of the petition; and the same was denied, by the vice chancellor, with costs to be paid by the next friend of the infant. From this decision the petitioner appealed to the chancellor.

*J. M. Martin*, for the appellant.

*J. Dikeman*, for the respondents.

THE CHANCELLOR. It is unnecessary to look into the affidavits in this case, or to inquire whether the mother of the appellant had good and sufficient reasons for withholding a support from the petitioner to enable him to complete his professional education; for, this court has clearly no jurisdiction to make any order in the case, upon this petition. There is no pretence of claim on the part of the petitioner to a support out of the income of this estate, under the will of his grandmother. There is an absolute gift from the testatrix, to her daughter, of the whole income of the estate for life, for her own separate use; and the children have no more legal or equitable claim to such income than any

strangers to her blood would have had under a similar devise, of a remainder in property after the termination of a previous life estate therein. Nor can the court, in this case, even with the consent of their mother, appropriate any part of the capital of the fund to the support or maintenance of her children, as they have not an interest in any part of the estate. The children have only a contingent interest, even in the capital of the estate; and the extent even of that contingent interest cannot be ascertained while the mother is alive, and is capable of bearing children. For, the after-born children are equally entitled with those who were in esse at the death of the testatrix. And such of the children as may happen to die in the lifetime of their mother will have no right to the estate, even if they should leave issue. For the estate, in that event, is given to the issue and not to them. It is impossible to say, therefore, that either of the six children, now in existence, will ever be entitled to any part of the capital of this estate. The case is different where a remainder in a fund is given to a class of infants absolutely, with a right of survivorship as between themselves merely. There, as the chances of survivorship are equal, the court, with the assent of the owner of the particular estate in the fund, may devote the capital of the fund to the support of all the infants equally, as it will produce no injustice to either. (See *Ex parte Kibble*, 11 *Ves.* 604; *Errat* v. *Barlow*, 14 *Id.* 202; *Turner* v. *Turner*, 4 *Sim. Rep.* 430; and *Ex parte Davison*, 6 *Paige's Rep.* 136.) The trustee, in the present case, must keep the capital of the fund undiminished, until, by the death of Mrs. Richards, it can be ascertained who is entitled to share in such fund.

A parent, who has the means, is undoubtedly bound to support his or her minor child, that is, to afford the child a bare support. The law, however, gives to the parent a corresponding right to the services of the child while such support is afforded; for the parent is not bound to support his children in idleness, even if his property is sufficient to enable him to do so. The remedy, to compel a parent to furnish necessaries for his infant children, is not by a petition to this court. The performance of that duty must be enforced by a proceeding under the statute, by an

In the matter of Ryder.

application to the general sessions, for an order upon the parent for the support of his child. Or a stranger may furnish necessaries for the child, and recover of the parent compensation therefor, where there is a clear and palpable omission of duty, on the part of the parent, in supplying a minor child with necessaries. (*Van Valkenburgh* v. *Watson*, 13 *John. Rep.* 480.) And it seems that the neglect of a parent to provide for his infant child of tender years, and who is incapable of providing for himself, is an indictable misdemeanor. (*See Rex* v. *Friend, Russ. & Ry. C. C.* 20.) In the case under consideration, however, where the son is twenty years of age, and in perfect health, so as to be able to support himself by his own industry, I doubt whether any court is authorized to compel his mother to furnish the means of obtaining a professional education, whatever may be the amount of her property. At least for the court of chancery, over which I have the honor to preside, I must disclaim the existence of such a power to control parental discretion.

The vice chancellor was therefore right in refusing the prayer of the petitioner. And as the want of jurisdiction appeared on the face of the petition itself, and not upon disputed facts which might have formed a prima facie case for relief, the next friend of the petitioner is answerable for the consequences of not informing himself correctly as to the law of the case, before he allowed his name to be used in such a petition. The vice chancellor was therefore right in charging him with the costs of the respondents in resisting the application. And for these reasons the order appealed from must be affirmed, with costs to be paid by the appellant.