FRANCES J. BYRNES, RESPONDENT, *v.* MARIA L. LABAGH AND OTHERS, RESPONDENTS, IMPLEADED WITH BENJAMIN M. STILWELL AND WIFE, AND EDGAR SWAIN, APPELLANTS.

*Will — devise of remainder to children of tenant for life — when the devisees must survive the tenant for life.*

A testator devised certain lands to his daughter for life, and from and immediately after her death he devised the same "unto the lawful child or children of my said daughter, his, her, or their heirs forever; if more than one, share and share alike, as tenants in common, and in case any or either of the children of my said daughter Maria, at the time of her death, be dead, leaving a lawful child or children him or her surviving, such child or children shall take the share or portion which his, her or their parent would have been entitled to if living, to have and to hold to him, her or them, and their heirs forever."

*Held*, that only those children of the daughter, or those children of deceased children, who were living at the time of the daughter's death were entitled to share in the remainder; that children of the daughter, who died in her lifetime, without leaving children, had no descendible or transferable interest therein.

Motion for a new trial, made in the first instance at the General Term, upon exceptions to the findings of the court in the nature of an interlocutory judgment under the provisions of section 1001 of the Code of Civil Procedure, and an appeal from the interlocutory judgment.

*Stilwell & Swain,* for the appellants.

*Rabe & Keller, D. T. Walden, R. V. W. Du Bois, W. W. Macfarland, J. H. Hull, Deyo, Duer & Bauerdorf* and *Sullivan & Cromwell,* for the respondents.

Davis, P. J. :

This action was brought for the partition of certain lands situate in the city of New York. The question brought before this court by the motion and appeal wholly depend upon the construction to be given to the clause of the will of one John W. Gilbert, deceased, who in his lifetime was seized in fee of the several lots and parcels of land sought to be partitioned. That clause, so far as necessary to present the question, is in these words :

"I give, devise and bequeath unto my daughter Maria, the wife of John Wood, for and during and for the full end and term of her natural life." (Here follows a description of the premises.) " And from and immediately after the decease of my said daughter Maria, I give, devise and bequeath the last aforesaid two lots of ground, houses, buildings and premises, known as number one hundred and forty-seven Fulton street, and so running through to Ann street, as also the house and lot of ground number eighty-three in Nassau street, as above described, with the improvements thereon, so as aforesaid, given unto my said Maria during her natural life, unto the lawful child or children of my said daughter, his, her or their heirs forever; if more than one, share and share alike, as tenants in common ; and in case any or either of the children of my said daughter Maria at the time of her death be dead, leaving a lawful child or children him or her surviving, such child or children shall take the share or portion which his, her or their parent would have been entitled to if living ; to have and to hold to him, her or them, and their heirs forever."

The will of the testator was made on the 13th of February, 1827, and he died in the year 1828. At the time of his decease Mrs.

Wood was the mother of six children, and subsequently another child, George W. Wood, was born to her by her then husband, John Wood. Her husband John Wood died in the year 1830. In the fall of 1834 Mrs. Wood intermarried with William Mulock, and by him she became the mother of four children. She died on the 26th day of May, 1882, leaving her surviving eight of her children, the others having before then deceased, neither of them leaving any issue.

The question presented is, whether the children of Maria Wood (then Maria Mulock), the life tenant of the estate in the lands, who died before her death leaving no lawful children, took, under the provision of the will above quoted such an estate in the lands of which a life estate was given to her, as was descendible from, or transmissible by them. The court, at Special Term, came to the conclusion that they did not. Our examination of the question leads us to the conclusion that it was the manifest intention of the testator, in and by the provision in question, only to provide that all the lawfully born children of his daughter Maria, who should survive her, should be entitled to a share of his lands in possession and enjoyment, except that if any of her children should die prior to her decease, leaving lawful children, such children should be entitled to take the share which would have belonged to their deceased parent, if he or she had survived his or her mother. We do not deem it necessary, inasmuch as the learned judge who tried the case at Special Term has, with great clearness and force, presented the views and reasons which led him to that decision, to do more than adopt, as our own, the opinion he pronounced, which is as follows:

" BEACH, J. :

" It seems plain that the testator's daughter Maria Wood, under the will, took a life estate in the premises affected by the bill of complaint. What estate was conferred upon her lawful children may best be ascertained by gathering the testator's intent and then applying legal principles and terms, supported by authoritative adjudication. The devise is to the daughter for life, and on her death to her lawful child, or children, his, her or their heirs, forever. Had the direction terminated here, intention would be clear, and quality of the children's estate fixed by familiar statutory definition.

But testator continues, by providing that in case of the death of any child prior to the mother's demise, *leaving issue,* such issue should take the share which his, her or their parent would have been entitled to, if living. The words 'if living' must refer to the date of the mother's death. Unless there is some significance to this latter clause affecting survivorship, it is meaningless, for the issue would take as well without as with it. Its presence to me indicates the testator's intention that in case any of his daughter's children died during the mother's life, the issue, if any, should take, and if none, the divisional shares should decrease to the number of those who survived the mother. He thus provided for all children who survived the termination of the life estate, and the issue of any who died, leaving issue, and restricted his benefaction to those whom the will shows he intended to benefit. The estate thus created for the children, in being at the testator's death, was a vested remainder, subject to open and let in after-born children, and to be wholly divested by death before the mother, without issue. In legal phrase, the estate may be termed a vested remainder liable to be defeated by a condition subsequent.

"It is true that a vested remainder will never be divested, unless there be a special provision or a clear intention to be collected from the language of the instrument. This is a rule stated by Mr. Cruise in his Digest, and applicable here to support the divesting of the remainder, if the intention can properly be gathered, and I think it is plainly expressed.

"There is a possibility, which tends to strengthen my opinion. The remainder being vested, if vested absolutely, was alienable. Suppose one of the children had conveyed to a third person his interest, and afterwards had issue and died before the mother. Under the provision of the will the issue would have taken, and the parent's conveyance been worthless. But this would not be if the remainder vested absolutely, and was not subject to be divested in case of death before the life tenant without issue.

"I have examined many cases, and those seeming to support most clearly my conclusion are : *Doe* v. *Considine* (6 Wall. [U. S.], 458); *In the Matter of Ryder* (11 Paige Ch., 185) ; *Sheridan* v. *House* (4 Keyes Ct. of Ap., 569) ; *Moore* v. *Littel* (41 N. Y., 66); *Kelso* v. *Lorillard* (85 id., 177).

" This view disposes adversely of the claims to the supposed interest of Eliza Josephine Stilwell and Charles W. Wood. The former is subject to the potent objection of having been by her devised at the age of nineteen years. There is no evidence of any permanent improvements made by the life tenant so as to entitle her estate to compensation, and the facts relating to the strip of land shows its acquirement to have been for the benefit of the property. A decree to conform herewith may be settled upon two days' notice."

We are satisfied by the views presented, and the authorities cited by this opinion, that whatever may have been the true nature of the estate in remainder that vested in the children of Mrs. Wood, and subsequently from time to time, as her children not then living were respectively born, opened and diminished by the vesting in such after-born children of their shares of the estate in remainder, such estates were at all times, prior to the death of Mrs. Wood, subject to be divested by the death prior to her own decease, of either of her children without leaving any issue, or by such death of any child leaving issue, in which case the estate before vested in the child, immediately upon his or her death vested in his or her issue ; and that such estate finally became vested as to possession and enjoyment, on the death of the mother, in the children then living share and share alike because none of the deceased children, who had died left any lawful issue. And, supporting this view, in addition to the authorities cited by the court at Special Term, we add : *Nodine* v. *Greenfield* (7 Paige, 544); *De Peyster* v. *Clendining* (8 id., 295) ; *Kane* v. *Astor's Estate* (5 Sanf., 469) and *Smith* v. *Scholtz* (68 N. Y., 41).

The judgment should, therefore, be affirmed, and the motion for new trial denied, but, we think, under the circumstances, without costs.

BRADY and DANIELS, JJ., concurred.

Judgment affirmed, and motion for new trial denied, without costs.