In the Matter of HANNAH ORSECK BEDRICK, Petitioner, *v.* EDWARD BEDRICK, Respondent.

Supreme Court, New York County, December 15, 1933.

*Schneider & Groggins* [*Stanley S. Groggins* of counsel], for the respondent, for the motion.

*Milton Seymour Cohn* [*Arthur Sheinberg* of counsel], for the petitioner, opposed.

LEVY, J.   In 1930 the petitioner, who was living separate and apart from the respondent, obtained an order of this court upon a petition, which order directed respondent to pay fifteen dollars a week for the support of the infant issue of the parties.   Thereafter, respondent moved for relief, asking that the allowance be reduced to five dollars per week, which motion was denied by the court.   On several occasions thereafter he was adjudged in contempt for failing to make payment.   At no time did he question the jurisdiction of the court to make the disposition.   He now comes into court and attacks the original order as without jurisdiction.

A court of equity has jurisdiction by statute to compel the support of a child of the marriage in a matrimonial action.   (Civ. Prac. Act, § 1170.)   In the absence of such an action it has been held, upon a wife's application for an allowance, that such relief may not be given in a separate action, but must be incidental to the matrimonial action proper.   (*Johnson* v. *Johnson*, 206 N. Y. 561.)   Can a separate *proceeding* to compel the parent to support a child be entertained in this State?   It is a well-understood principle that a court of equity exercises certain judicial powers as *parens patriæ* to protect the rights of infants.   May such protection be invoked by petition to a court of equity, as in the instant case?   In questions involving the custody and the proper guardianship of infants, the writ of habeas corpus may be obtained.   (Dom. Rel. Law, § 70.) But an action to determine the custody of the child will not lie. The form of relief in such cases may be obtained either by writ of habeas corpus or by petition to the court.   (*Finlay* v. *Finlay*, 240 N. Y. 429.)   There is no statutory provision for an action to compel support of a child, save the quasi criminal proceeding authorized by the Inferior Criminal Courts Act of the City of New York (§ 74), and since October 1, 1933, by sections 101 and 102 of the

Domestic Relations Court Act of the City of New York (Laws of 1933, chap. 482). Nor is the writ of habeas corpus available in such cases (*People ex rel. Klee* v. *Klee*, 202 App. Div. 592), that remedy being limited to the determination merely of custody. Besides, it would not have been available here, at all events, because the child was actually in the custody of the mother.

The case, therefore, narrows itself down to the question whether the chancellor may entertain such an application in petition form as was considered in the original application — to compel a father to provide for the maintenance of a child. There are no authoritative decisions in this jurisdiction which hold that the power of a court of equity exists in that regard. The old case of *Matter of Ryder* (11 Paige, 185, 187) is a precedent to the contrary. There it was said: "The remedy, to compel a parent to furnish necessaries for his infant children, is not by a petition to this court. The performance of that duty must be enforced by a proceeding under the statute, by an application to the general sessions, for an order upon the parent for the support of his child." The provision for an application to the General Sessions is now replaced by a statute vesting jurisdiction in the Domestic Relations Court. To the same effect as *Matter of Ryder* (*supra*) is *Alling* v. *Alling* (52 N. J. Eq. 92), which, while a decision in another jurisdiction, nevertheless is predicated upon a consideration of the broad powers of the chancellor.

Can it be said that the right of a court of equity to compel the support of a child by petition brought before it is inherent? The English authorities which have examined that subject do not so hold. In 17 Halsbury Laws of England, page 114, it is said: "Except under the operation of the poor law, there is no actual legal obligation on a father or mother to maintain a child, unless the neglect to do so would bring the case within the criminal law." Two authorities are cited: *Cooper* v. *Martin* (4 East, 76, 84) and *Bazeley* v. *Forder* ([1868] L. R. 3 Q. B. Div. 559, 565). In the latter case COCKBURN, C. J., in a dissenting opinion, which did not, however, apply to the main issues touched upon by the majority of the court, said: "It is now well established that, except under the operation of the poor law, there is no legal obligation on the part of the father to maintain his child, unless, indeed, the neglect to do so should bring the case within the criminal law."

It is to be observed that an exception exists in the case of a parent who has control of a child's property and fails to make suitable provision therefrom for the support of the child. The reason for this exception is quite obvious. Too, a person furnishing necessaries to an infant for whom the father has failed to provide may

recover their value from the parent. (*Dixon* v. *Chapman*, 56 App. Div. 542.)

It is said on behalf of the mother that it is too late for the respondent, after having acquiesced in the order, to raise the question of its propriety. It is never too late to raise such a question of jurisdiction.

The motion to vacate the order must, therefore, be granted.