DOROTHY H. COLWYNNE, Plaintiff, *v.* ALAN N. HERBERT, Defendant.

Supreme Court, Special Term, New York County, April 28, 1948.

*Lipper, Shinn & Keeley* for plaintiff.

*Multer, Nova & Seymour* for defendant.

MILLER, J. This is a motion to dismiss the complaint for alleged insufficiency and on various other grounds. The pleading alleges that plaintiff was divorced from defendant by a final decree of a Florida court, and that the custody of the minor children was awarded to plaintiff. It is further averred that plaintiff presently has the custody of the children and that she, the children, and the defendant for some time have been and now are residents of this State. It is further alleged that the final decree of divorce embodied the terms of a separation agreement between the parties pursuant to which defendant agreed to pay plaintiff for the maintenance and support of each child $104.17 per month, later increased to $166.67 per month,

and that the decree directed the defendant to pay those amounts to plaintiff for the support of the children. The pleading then goes on to charge that defendant's income has increased very substantially since the entry of the divorce decree, and that, under the laws of Florida, the Florida court has power to modify its final judgment at any time in the interest of the welfare of the children. Accordingly plaintiff asks this court in effect to modify the provisions of the Florida judgment by increasing the amounts payable by defendant for the support of the children.

No plenary action may be maintained in the courts of this State for an allowance to the wife for the support of the children of the marriage either under the provisions of the Civil Practice Act or otherwise except in matrimonial actions. It follows that no such action may be prosecuted in this court solely for the purpose of modifying the provisions of a decree of a sister State in respect of the allowance to be made for the support of the children of the parties. In *Johnson* v. *Johnson* (206 N. Y. 561) the court, in an opinion by Judge HISCOCK, later Chief Judge, said (pp. 565-566):

" The most that can be claimed in behalf of the action for the purpose of bringing it within the class named is that the parties having agreed on a separation and an allowance, the plaintiff desires to have the court now fix an allowance for support as it may have done if it had originally secured jurisdiction in an action decreeing separation. The court, however, has no power to entertain jurisdiction of an action for such limited purpose under the powers conferred upon it in matrimonial actions. It is settled that the only jurisdiction which it possesses in such actions is that conferred upon it by statute and some further minor powers necessarily incident to the exercise thereof. (*Erkenbrach* v. *Erkenbrach,* 96 N. Y. 456.)

" Coming to the particular class of matrimonial actions most nearly resembling the present action, it has been held that the court has no jurisdiction of an action brought merely to secure maintenance and support or alimony, there being no prayer for a decree of separation, and in such an action has no power to award alimony or counsel fees *pendente lite.* Such an action is not provided for by statute, as the essential feature necessary to give the court jurisdiction in an action for separation is a prayer for that particular relief. (*Ramsden* v. *Ramsden,* 91 N. Y. 281.) "

As this court could not grant judgment in an independent plenary action modifying the amount fixed by a matrimonial

decree of the courts of this State for the support of the children of the parties, it may not do so where the matrimonial decree was made by the court of a sister State. Plaintiff relies upon *Halvey* v. *Halvey* (330 U. S. 610). That case, however, involved a custody proceeding and the decision was merely that since the Florida court which had awarded the custody to the mother had the power at all times to modify its decree in the interest of the welfare of the child, the Florida decree was not entitled to full faith and credit in the courts of this State, where the child and the parents were at the time of the custody proceeding. The case is in no way, however, authority for the proposition that the courts of this State, in a nonmatrimonial plenary action, may alter the provisions for the support of children contained in a decree of the courts of this State or of the courts of a sister State. The statement in the opinion in *Halvey* v. *Halvey* (*supra,* pp. 614–615) that " if the amount payable under a decree — as in the case of a judgment for alimony — is discretionary with the court which rendered it, full faith and credit does not protect the judgment ", merely bore upon the question of the conclusiveness of a matrimonial decree of a sister State. It did not concern itself with the types of actions permitted in any particular State, or purport to authorize the courts of any State to entertain an action relating to the decree of a sister State where they could not entertain it if the decree were made by a court of their own State. The only remedy available to plaintiff in the courts of this State, until and unless a modification of the Florida judgment by the Florida court is obtained, is that provided by section 92 of the New York City Domestic Relations Court Act.

It follows that the complaint fails to state a good cause of action. It is accordingly unnecessary to consider the question whether the Florida court has the power to modify a final decree of divorce by increasing the amount therein provided for the support of children in a case where that amount was fixed by agreement of the parties which was embodied in the decree. The cases submitted in plaintiff's brief do not involve a situation where the amounts fixed in the decree were by agreement of the parties, and it is not at all clear that the allegations of paragraph ninth that the Florida court has power to modify the decree in respect of the amounts to be paid for the support of the children is a correct statement of the Florida law.

The motion to dismiss is granted on the ground that the complaint fails to state a good cause of action, and on the ground that the court has no jurisdiction of the subject of the action.