In the Matter of DOROTHY H. HERBERT, on Behalf of BARBARA G. HERBERT and Another, Infants, Petitioner, *v.* ALAN N. HERBERT, Respondent.

Supreme Court, Special Term, New York County, May 10, 1950.

*Lipper, Shinn & Neeley* for petitioner.

*Barnett J. Nova* and *Gerald D. Broder* for respondent.

EDER, J. The petitioner and respondent are the parents of two minor children, issue of their marriage. Petitioner, their mother, brings this proceeding on their behalf and for their benefit.

It appears that on January 20, 1939, petitioner obtained a final decree of divorce against respondent in the Circuit Court, Eleventh Judicial District, Dade County, Florida. The decree awarded to petitioner the care, custody and control of the children and they have been in her custody up to the present time. Pursuant to the decree, respondent is paying for the maintenance, support and education of the children the sum of $166.67 per month.

Petitioner alleges that at the time said decree was entered the income of respondent was $12,000 per annum; that at the present time respondent's income is in excess of $40,000 per year, and that since 1939 respondent has become possessed of and is presently the owner and holder of substantial capital assets, and petitioner avers that the said sum of $166.67, which respondent is now paying, is inadequate to properly maintain the children; that their needs and expenses have greatly increased since 1939 and that the sum required for their needs, including educational requirements, for each child exceeds $425 per month.

It is further alleged that respondent has refused to grant any increase and petitioner therefore seeks an order from this court increasing the sum for the support, maintenance and education of the children to at least the sum of $425 per month.

Respondent, answering, states, and it is unquestioned, that he has at all times complied with the decree in providing the required support and maintenance as therein directed, and makes the contention that this court is without jurisdiction, either in law or equity, to entertain this proceeding so long as he complies with the said Florida decree of divorce. Respondent advances the additional claim that a prior plenary suit brought by petitioner, as plaintiff, against respondent, as

defendant, for similar relief, resulting in a dismissal of the complaint (*Golwynne* v. *Herbert,* 192 Misc. 784, affd. 276 App. Div. 890), and is *res judicata* of the present proceeding.

As I have reached the ultimate conclusion that the first contention is meritorious and sound, there is no need to determine the tenability of the claim of *res judicata.*

As has been mentioned, respondent contends that this court is without jurisdiction to entertain the instant application for an increase in support and maintenance of the children.

In answer to this challenge to jurisdiction, the argument is advanced in petitioner's brief that unless this court grants relief there is no court in the United States that the children or petitioner can go to to compel respondent to pay increased support for the children.

It is rather difficult to understand how this constitutes an answer to a question of law involving want of jurisdiction, and were this the sole ground upon which petitioner rested, it would warrant and justify abrupt dismissal.

Petitioner, however, places much reliance to support the instant proceeding upon *People ex rel. Halvey* v. *Halvey* (185 Misc. 52, affd. 269 App. Div. 1019, affd. 295 N. Y. 836, affd. 330 U. S. 610) and asserts that this case is definite authority to the effect that this court possesses jurisdiction to make the order applied for upon such a state of facts as is present here.

An examination of that case discloses that no such question as is involved at bar was involved or decided in the *Halvey* case (*supra*); that case concerned the question of *custody* of a child, and not support and maintenance. The court there held that though a foreign judgment awarding custody is binding on the parties as a conclusive determination of the rights to custody at the time when made, the courts of this State may, nonetheless, change the *custodial* provisions where changed circumstances arise to suit the best interests of the child.

That was the one issue determined; that citation is manifestly without application here, for the decision in the *Halvey* case is confined to its own particular factual situation and refers expressly to *custody.* All of the other cases cited by petitioner are readily distinguishable in that they involve custody, and not support and maintenance.

The case of *Matter of Bedrick* v. *Bedrick* (151 Misc. 4, affd. 241 App. Div. 807) seems to me to be controlling. It holds that such an application as this cannot be maintained as a special, separate, independent proceeding in the absence of express

statutory power conferring such jurisdiction upon this court to entertain such an application.

The case involved an application by the wife, as petitioner, to compel the husband, as respondent, to support an infant child. The wife, who was living separate and apart from the husband, obtained an order from this court upon a petition, which order directed the husband to pay $15 per week for the support of the child. The husband ultimately questioned the jurisdiction of this court to make the order.

It was there held that a court of equity has jurisdiction by statute to compel the support of a child in a matrimonial action and that, in the absence of such an action such relief may not be given, but must be incidental to the matrimonial action proper. It was also held that such an application in petition form (as here) may not be maintained. The court said (151 Misc. 6): " The case, therefore, narrows itself down to the question whether the chancellor may entertain such an application in petition form as was considered in the original application — to compel a father to provide for the maintenance of a child. There are no authoritative decisions in this jurisdiction which hold that the power of a court of equity exists in that regard. The old case of *Matter of Ryder* (11 Paige, 185, 187) is a precedent to the contrary."

The court also held that no inherent power resides in this court to grant such relief, viz., to compel the support of a child by petition. Such relief was denied to the mother-petitioner and the ruling of the Special Term was sustained on appeal.

In *Moen* v. *Thompson* (186 Misc. 647) Justice SHIENTAG, in an illuminating and instructive opinion and review of the cases on the subject, held that a court of equity has no power, apart from statute, to increase an award of alimony under a foreign decree, when changed circumstances indicate such a course to be necessary, insofar as a wife or children are concerned. (See, also, *Little* v. *Little,* 146 Misc. 231, affd. 236 App. Div. 826, and *People ex rel. Prior* v. *Prior,* 112 Misc. 208.)

Upon reviewing the authorities cited by counsel for the respective parties and after making independent research, I have arrived at the definite conviction that the instant application must be denied, for the reason that this court lacks jurisdiction to entertain it as an original, separate, independent proceeding, and is without power to grant the order sought.

The application is accordingly denied. Settle order.