EDITH B. GALLAGHER, Individually and as Guardian ad Litem of FRANK PAGLIARO, JR., and Another, Infants, Appellant, *v.* FRANK J. PAGLIARO, Respondent.

*Per Curiam.* In a proper case we would vindicate the plenary power of our Supreme Court under its general equity jurisdiction to grant the relief asked for in the fifth cause of action but, under the particular facts and circumstances of this case, we deem it unnecessary to pass upon that issue. In affirming, we do not adopt the reasoning of the trial court.

The judgment, so far as appealed from, should in all respects be affirmed, with costs to respondent.

SHIENTAG, J. (dissenting in part). The case of *Moen* v. *Thompson* (186 Misc. 647), which I decided at Special Term, and which was not carried higher, differs from the instant case. In *Moen* v. *Thompson,* the award of alimony in the foreign decree of divorce, unlike the one involved on this appeal, did not separate the provision for the support of the wife from the provision for the support of the children; one unapportioned sum was fixed for the monthly support of both the wife and children.

I did, however, say the following by way of dictum in the *Moen* case (p. 650) :

" It would not be inconsistent with the traditions of equity to suggest that where children are concerned, the Supreme Court has inherent power to make additional provision for their support when a change of circumstances has made inadequate the original amount awarded under a foreign decree. A court of general equity jurisdiction has an especial interest in the protection of infants. (4 Pomeroy on Equity Jurisprudence [5th ed.], §§ 1303–1305.) Such a court, it is urged, should not be powerless to accomplish adjustments necessary to the proper upbringing and education of the children of a disrupted home.

" The authorities, however, are the other way. Though not numerous, they are substantially in agreement (*Matter of Ryder,* 11 Paige Ch. 185; *Matter of Bedrick* v. *Bedrick,* 151 Misc. 4, affd. 241 App. Div. 807; cf. *Schacht* v. *Schacht,* 58 N. Y. S. 2d 54; *Application of MacAlpine,* 50 N. Y. S. 2d 232, affd. *sub. nom. People ex rel. MacAlpine* v. *MacAlpine,* 267 App. Div. 952; *People ex rel. Prior* v. *Prior,* 112 Misc. 208; *Alling* v. *Alling,* 52 N. J. Eq. 92; *Huke* v. *Huke,* 44 Mo. App. 308; but cf. *Cowls* v. *Cowls,* 8 Ill. 435). The Domestic Relations Court undoubtedly has power to require payment in excess of the amount which a foreign decree of divorce has fixed for the support of the children (*Scrima* v. *Scrima,* 265 App. Div. 483). But this power is given by express statutory provisions which have no application to the Supreme Court."

Those views were expressed by me with considerable reluctance and only because I felt myself bound by earlier decisions. The protection of infants is of such paramount importance that there seems no reason for restricting the powers of a court of general equity jurisdiction to provide adequately for their support, at least where there have been changes in circumstance since the determination by the court of the sister State. I therefore dissent and vote to reverse so much of the judgment as directs dismissal of the fifth cause of action, and have the issues raised by that cause of action referred to an Official Referee to hear and report with his recommendations to the Special Term concerning the question of an increase subsequent to the commencement of this

action, in the periodic amount payable by defendant for the support of these children.

Dore, J. P., Cohn and McCurn, JJ., concur in *Per Curiam* opinion; Shientag, J., dissents in part in opinion in which Van Voorhis, J., concurs.

Judgment affirmed, with costs. [See 279 App. Div. 559.]