M. Michael Potoker, J.
Motion for counsel fees pursuant to section 438 of the Family Court Act is denied. In the opinion of this court section 438 does not provide for the allowance of counsel fees for a divorced wife in an action to enforce an out-of-State divorce decree pursuant to section 466 of the Family Court Act which incorporated therein, a separation agreement for support solely for a former wife. Section 438, as amended in 1963 and again in 1964, now reads as follows: “In any proceeding under this article by a wife against her husband, including proceedings for herself and her children, or by a person on behalf of children only, the court may allow counsel fees at any stage in the proceeding, including an appeal under article ten, or at cmy hearing to modify or enforce an order entered in that proceeding, to the .attorney representing the petitioner.” (As amd. by L. 1963, ch. 809, § 16; L. 1964, ch. 52, eff. Feb. 24, 1964: amended language italicized.)
The Court of Appeals in Gordon v. Lipshie (13 N Y 2d 775) unanimously reversed an order of the Appellate Division of the Supreme Court in the First Judicial Department which unanimously affirmed an order of the Family Court, New York County, denying an application for counsel fees pursuant to section 438 of the Family Court Act. That case is, however, distinguishable from the case at bar since the petitioner in the Gordon case had applied for support for children of the marriage and not to enforce support provisions of an out-of-State divorce decree solely for herself.
The Family Court in the Gordon case stated that it lacked authority to grant the application of petitioner’s attorney since there was no ambiguity in the statute which would warrant a construction that “wife” included a former wife and “her husband ” included a former husband. The following question *649 was certified: “ May a former wife, who brought a proceeding for support solely on behalf of her children be allowed counsel fees under Section 438 of the Family Court Act? ”
The Court of Appeals reversed with the following memorandum (p. 776): “ We hold that section 438 of the Family Court Act, insofar as it is derived from the amendment by chapter 213 of the Laws of 1961 to section 131 of the Domestic Relations Court Act, was intended, in suitable cases, to authorize the allowance of counsel fees in proceedings brought by a former wife exclusively for the support of her children. The intention of the Legislature was not to discriminate in this regard against children of divorced parents in favor of those whose parents may have been separated but not divorced. Question certified answered in the affirmative.”
To remove any ambiguity that might have existed prior to the Gordon decision with respect to the allowance of counsel fees for an attorney representing a divorced wife or other person in an action brought solely for support of children, the State Legislature in 1963 amended section 438 by substituting “ petitioner ” for “wife” at the end of the section.
The section has not, however, been amended to cover the allowance of counsel fees in support actions instituted by a divorced wife for herself nor has the Court of Appeals extended the Gordon rule to make that possible.
This court does not at this time take issue with the merits of the application made .by the attorney for petitioner. Unfortunately the statute does not favor his position. Application is denied. •