Richards W. Hannah, J.
This was a hearing on consolidated petitions.
On February 24, 1966 Harold Burns, the petitioner, filed a petition against his former wife, alleging: that they had executed a separation agreement dated June 28, 1962 wherein he had agreed to pay $50 weekly for the support of his wife and $75 weekly for the support of his child, Pearl; that the custody of the child was with the mother; that the father had visitation rights; that this agreement was incorporated into a Mexican divorce decree wherein the wife was the plaintiff and that the petitioner seeks to have this court modify the Mexican decree to' $50 weekly for both since there has been a change of his circumstances. On April 21, 1966, Celeste Burns moved to dismiss the petition upon the ground that this court had no jurisdiction, but withdrew her motion.
On April 27,1966, Celeste Burns filed a petition against Harold Burns alleging the support and custody provisions of the separation agreement; that the respondent was in arrears in the amount of $1,293 to April 27, 1966; that an action had been commenced in April 21, 1966 in the Civil Court for arrears amounting to $993; and praying that the respondent be dealt with in accordance with article 4 (Support) of the Family Court Act including the granting of reasonable counsel fees.
The issues raised here pertain to Mexican decrees of divorce obtained by a wife and not to New York decrees, the enforcement of which in this court is specifically provided for in subdivision c of section 13 of article VI of the New York State Constitution. The petitions in these proceedings fall under subdivision (b) of section 461 and subdivision (c) of section 466 of the Family Court Act; the former section dealing with the duty to support a child after separation, separation agreement or termination of marriage and the latter with a wife or former wife’s support after a divorce, separation or annulment. These sections provide that this court may (1) entertain an application to enforce the order of the Supreme Court or of another court of competent jurisdiction requiring support or (2) entertain a motion to modify such order on the ground that changed circumstances require such modification unless the Supreme Court retains exclusive jurisdiction. Subdivision (b) of section 461 contained the words “ of another court of competent jurisdiction ” from the time of its enactment (1962); whereas this phrase was added to subdivision (c) of section 466 by an amendment effective September 1, 1965. The legislative history does not disclose the reason for this omission in subdivision (c) of section 466 at the time the section was originally enacted.
*486 The apparent purpose of these sections was to allow the Family Court to enforce or modify New York Supreme Court orders or decrees of support unless the Supreme Court retained exclusive jurisdiction and to enforce and modify the orders and decrees of another court of competent jurisdiction upon proof of changed circumstances. Prior to 1962 neither the Domestic Relations Court nor the Children’s Court, the predecessor courts of this court, possessed the power to enforce any provisions of visitation or support of either the Supreme Court of New York of a foreign court of competent jurisdiction (Werner r. Werner, 204 Misc. 1085 [1953]). The Supreme Court does not have any statutory authority to modify an out-of-State decree. (Matter of Lewis v. Lewis, 2 Misc 2d 849, affd. 5 A D 2d 674, mot. for lv. to app. den. 6 A D 2d 690, app. dsmd. 4 N Y 2d 872; Moen v. Thompson, 186 Misc. 647; Matter of Herbert v. Herbert, 198 Misc. 103; Steinhauser v. Steinhauser, 5 Misc 2d 539.)
The result was that prior to September 1, 1962 the Domestic Relations Court and the Children’s Court exercised its independent jurisdiction by enforcing the primary obligation of the father by making support orders for children in amounts commensurate with the financial needs of the child and the earnings of the father where there were foreign divorce decrees (Werner v. Werner, 4 Misc 2d 1085). This was in effect an order superseding the support provisions of the divorce decree of the foreign court. It still offered no relief to the former wife, who was relegated to sue in a civil count for any arrears due under the order or decree or separation agreement (Domestic Relations Ct. Act, § 137). The Legislature, recognizing the problem, sought to aid children by enacting sections 461 and former wives by the amendment to section 466 of the Family Court Act; the object being to consolidate family problems of support in one court so that a former wife or former wife on behalf of a child could petition to enforce the provisions of a New York order or decree when the Supreme Court had not retained exclusive jurisdiction and in the case of a foreign decree to enforce or modify it upon the ground of changed conditions. However, laudable the purpose of this legislation may be, the provisions of the Family Court Act must be within the framework of the Constitution. In People v. Allen (301 N. Y. 287, 290) the court said: “It is axiomatic that the Legislature in performing its law-making function may not enlarge upon or abridge the Constitution.”
The jurisdiction of the Family Court is set forth in section 13 of article VI of the Constitution. It provides: * * *
*487 “ b. The family court shall have jurisdiction over the following classes of actions and proceedings which shall be originated in such family court in the manner provided by law: * * *
“ (4) the support of dependents except for support incidental to actions and proceedings in this state for marital separation, divorce, annulment of marriage or dissolution of marriage * * *
‘1 c. The family court shall also have jurisdiction to determine, with the same powers possessed by the supreme court, the following matters when referred to the family court from the supreme court: habeas corpus proceedings for the determination of the custody of minors; and in actions and proceedings for marital separation, divorce, annulment of marriage and dissolution of marriage, applications to fix temporary or permanent support and custody, or applications to enforce judgments and orders of support and of custody, or applications to modify judgments and orders of support and of custody which may be granted only upon the showing to the family court that there has been a subsequent change of circumstances and that modification is required.” (Italics mine).
Since the Family Court is of limited jurisdiction its powers must be set forth in the Constitution and its jurisdiction is thus limited. Nowhere in the Constitution is there any language which clearly confers upon this court the power to enforce or modify orders or decrees of other courts of competent jurisdiction. Since subdivision e refers only to New York orders or judgments, it would seem that if it was intended that this court should have the power to enforce or modify foreign orders or decrees, the Constitution would have been worded accordingly. The Constitution indicates that the intention was that the Family Court could only act under subdivision c upon the matters referred from the Supreme Court. Since this phrase is followed by a colon, the situations in which this court can act follow and then the condition that there must be a subsequent change in circumstances for a modification to be made. This point of jurisdiction was raised in Matter of Abreu v. Abreu (45 Misc 2d 952), where a husband petitioned under subdivision (b) of section 461 of the Family Court Act to enforce the custodial provisions of an Alabama decree of divorce which had incorporated the provisions of a separation agreement and gave specified visitation privileges to the husband, which he claimed the wife had refused him. The court held that subdivision (b) of section 461 did not confer authority on the Family Court to entertain the application; that the Supreme Court had jurisdiction and if it had been transferred from the Supreme Court to Family Court, it would have jurisdiction. The Family Court *488 transferred the proceedings to the Supreme Court pursuant to subdivision c of section 19 of article VI of the New York Constitution it being a proceeding which had not been transferred to the Family Court from the Supreme Court and over which the Family Court has no jurisdiction in the absence of a referral from the Supreme Court. Subsequently, the Supreme Court referred the petition back to the Family Court for a final decision. (46 Misc 2d 942.)
It has been argued that this petition falls under the word “ dependents ” as set forth in the Constitution (art. VI, § 13, subd. b, par. [4]), which would permit a former wife to file such a petition to enforce or modify upwards an order or decree and accordingly if the former wife could file such a petition it is urged that a former husband or father should have the same right to petition for a reduction. I disagree with this construction. It would seem that the word ‘ ‘ dependent ’ ’ as used in the Constitution refers to a status or relationship; to wit: a wife or child who must be supported in the manner “ required by law,” to wit: as the statute requires rather than a former wife whose claim for support is solely by virtue of a quasi-contraetual obligation in a foreign divorce decree. The words ‘ ‘ required by law ’ ’ mean a liability created by a statute and not a common-law liability. (Brinckerhoff v. Bostwick, 99 N. Y. 185; People v. Knapp, 147 App. Div. 436.) There is no statute which provided that a former husband must support his former wife when the divorce was obtained in a foreign State or country. It can be agreed that New York is primarily interested in enforcing the support provisions of its own decrees as subdivision c so clearly provides and allows enforcement by contempt proceedings. Certainly, in the absence of a clear constitutional provision, there is no reason to extend the drastic remedy of contempt to foreign orders or decrees; most of which have been obtained upon grounds for divorce not recognized in New York and which have heretofore compelled a former wife to sue in a civil court to recover any arrears. At the present time a great number of petitions are being filed by former wives in this court to enforce the support provisions due them under Mexican divorce decrees and some are asking this court to include the payment of accumulated arrears. Finally, a divorced wife is not a dependent under the tax laws since a former husband can deduct the amount of alimony paid her whereas if she were a dependent he would be limited to the statutory exemption. For these reasons, I conclude that a former wife is not a dependent as the word is used in the Constitution.
*489 Counsel have cited Potak v. Potak (26 A D 2d 950) in support of the constitutionality of these sections but a reading of the record and briefs shows that this point was never raised. All Potak decided was that section 466 was retroactive and included decrees obtained prior to September 1, 1965.
In a recent decision, Matter of Tarlow v. Tarlow (53 Misc 2d 204), Judge Dobah of this court held that a former husband was not a proper party to petition to modify the wife and child support provision of a Nevada decree of divorce and dismissed the petition. The learned Judge pointed out that section 422 of the Family Court Act specifically enumerates the “ person who may originate proceedings ” under article 4 in fulfillment and furtherance of the legislative plan, that this is a statutory test without any suggestion of a legislative intention to amplify the number and since this court is a court of limited jurisdiction it can only grant the relief as the statute confers upon it. It should also be pointed out that in neither section 461 or 466 is there any provision to include a former husband filing such a petition. This is an additional ground for dismissing the first petition of the former husband.
The father of a child is chargeable with the support of his child and if possessed of sufficient means, may be required to pay a fair and reasonable sum according to his means. (Family Ct. Act, § 413.) It is also well settled that courts are not bound by support provisions for children contained in a separation agreement or foreign divorce decrees but are mandated to provide for their support and welfare as justice required (Brock v. Brock, 4AD2d 747;“ Werner ”v.“ Werner,” 204 Misc. 1085). Accordingly, the petition for child support will be considered upon this basis. The separation agreement incorporated into the Mexican decree provided for $75 weekly. This amount was fully paid until February, 1966 although the father sold his garage business in October, 1964. In the interim he remarried and claims he looked for a position or another garage but was unsuccessful until he located another garage in April, 1966. Meantime, he claims he was being supported by his wife who also took him on a three months’ trip to Europe in 1965 and in 1964 to Florida. He received about $50,000 in notes plus another $40,000 for the garage and has now put up the notes (receivable $583.33 monthly) as security for a loan of $23,000. About $20,000 of this loan is security on the lease for his new garage business and the balance as operating capital. The income of the new business had not stabilized at the time of the hearing but for August it was about $200 and improving each month.
*490 The former wife outlines the expenses for her and her daughter as totaling about $442 a month, so the daughter’s share would total about $221 monthly. Considering the father’s capital and ability to earn, the support for the child is fixed at $51 weekly starting on April 3, 1967. The mother is referred to the Civil Court to collect various amounts owed for other expenses for the daughter.
The attorney for the former wife and child has requested the court to award her a fee. It is my conclusion that the fee must be limited to the services for the child. (See Gordon v. Lipshie, 13 N Y 2d 775 and Groothoff v. Groothoff, 50 Misc 2d 648.) On stipulation the attorneys have filed an affidavit of services. No affidavit was submitted in opposition. The issues involved here were of great importance, presented legal issues of first impression and were most adequately handled by both counsel. The hearing itself was fully tried and required three days and prior thereto there were other court hearings resulting in a temporary order for $75 weekly for the former wife and the child. Counsel for the child is awarded the sum of $500 payable one half on May 1,1967 and one half on June 1, 1967.
In conclusion the court wishes to point out the necessity of centralizing all phases of this type of litigation in one court. It is a needless waste of money, time and expense for all concerned for litigants in domestic relation problems to be compelled to litigate on a piece-meal basis; some phases in the Supreme Court, some in the Family Court and the balance in the Civil Court. Moreover, the problems raised here strongly suggest that both the Constitution and the Family Court Act be revised to grant jurisdiction in cases of this type.
The petition of the former husband is dismissed; that part of the petition of former wife pertaining to the enforcement of the Mexican decree as to her is dismissed and the order of support is modified to provide for the child. The respondent former husband’s motion to strike out all testimony for the period prior to 1964 is denied since the court has considered it only on the issue of credibility, which was the basis for its admission.