GEORGE H. SPRING, Respondent, *v.* FIDELITY MUTUAL LIFE INSURANCE COMPANY, Appellant.

Third Department, May 8, 1918.

Stare decisis — obiter dictum not binding — pleading — demurrer to complaint stating cause in equity — complaint cannot be sustained as stating action at law — insurance — suit for an accounting on policy of foreign insurance company — when our court of equity has no jurisdiction.

Expressions in a judicial opinion which go beyond the issues involved, while entitled to respect, do not control the court in a subsequent suit where the very point is presented for decision.

Where a complaint is confined entirely to equitable matters and is demurrable upon the ground that it does not state a cause in equity the court should not overrule the demurrer because it is possible to discover in the pleading grounds for relief by legal action.

Under section 1207 of the Code of Civil Procedure, providing that where there is no answer the judgment shall not be more favorable to the plaintiff than that demanded in the complaint, the plaintiff on demurrer to a complaint in equity not demanding legal relief is not entitled to have the pleading sustained as stating an action at law.

Where the plaintiff sues in equity to compel a foreign insurance company to account for certain moneys alleged to be due under a contract of insurance, a demurrer to the complaint should be sustained upon the ground that the foreign insurance company cannot be called to an accounting within this State where such accounting involves matters of its internal management within its home State.

Appeal by the defendant, Fidelity Mutual Life Insurance Company, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Chemung on the 13th day of October, 1916, overruling its demurrer to the complaint.

*Herendeen & Mandeville* [*H. C. Mandeville* of counsel], for the appellant.

*John F. Murtaugh,* for the respondent.

Woodward, J.:

The complaint alleges, and the demurrer admits for the purposes of this appeal, that the defendant is a foreign corporation, organized and doing business under the laws of the State of Pennsylvania, and doing an insurance business within the State of New York. The complaint further alleges that on or about the 28th day of March, 1895, the defendant, for value received, made a written contract of insurance with the plaintiff, the policy being made a part of the complaint, and that "said defendant, its officers, representatives or agents, before said plaintiff made application for said insurance, and before said contract was entered into, and with a view of inducing said plaintiff to make application and to enter into said contract of insurance, stated and represented, among other things, to said plaintiff that the payments made by said plaintiff to the mortuary and advance insurance funds would be

sufficient to fulfill all the obligations and provisions of said contract, and that in case they were not sufficient said defendant would levy upon the policyholders of said insurance company in each and every year a sum sufficient to fulfill the provisions of said contract as agreed between said plaintiff and defendant, and said plaintiff believed the reports, statements and representations aforesaid to be correct and true and entered into said contract, and became a member of said defendant company, relying upon said reports, statements and representations." The plaintiff then alleges his performance of the conditions of the contract, and, on information and belief, that "said defendant by loans, investments and otherwise of the moneys of the policyholders in the mortuary and advance insurance funds and from the earnings of the same, and from the savings, profits, lapses and from the interest earnings of said funds, have funds to pay the cash surrender value as agreed would be paid at the time said contract of insurance was made, and that the earnings from the premiums paid to said funds, and on the moneys in said funds, is far in excess of what said defendant claims is the proportionate share due said plaintiff, and that said defendant has failed and refused to pay said plaintiff the actual amount realized in interest, mortuary savings, on the profits from retiring members, lapses and favorable death losses of said defendant." Plaintiff further alleges that the defendant has refused to comply with the provisions and conditions of said contract in that it has failed at the expiration of the twenty-year period aforesaid, and after a demand being duly made upon it by the said plaintiff, and after said plaintiff had elected to take cash surrender value of said policy, to pay to said plaintiff all the advance insurance fund and its accretions due on said policy, and any of the earnings of the mortuary fund and its profits, which were justly due said plaintiff. It is then further alleged that the plaintiff secured a loan of $3,205 of the defendant upon the policy, which the defendant claimed was the cash surrender value of said policy on the date of said loan, September 25, 1915, and on information and belief that " the premiums paid by the policyholders on the class of policies represented by ' Exhibit A ' were sufficient to pay the whole amount of the cash surrender value as agreed by said defendant to be

paid at the end of the twenty-year period aforesaid; that said defendant has paid to various policyholders at various times during the past twenty years on policies in the same class as ' Exhibit A ' the full amount of the cash surrender value as was agreed to be paid to said plaintiff on his policy at the termination of the aforesaid twenty-year period." It is then further alleged on information and belief that the defendant has changed its plan of insurance from a purely mutual to a legal reserve company, and that it has used every effort to force its old members to relinquish their policies and to reinsure under the new plan, " and made false and fraudulent representations to various policyholders to induce them to accept this new plan, which acts were unlawful and a fraud on the part of said defendant and intended to reduce the amount of earnings which would come to said plaintiff on his policy aforesaid," and that by " such change of policy said defendant has designingly prevented accumulations and accretions which would have been made to the mortuary and advance insurance funds, all of which was done without the consent of said plaintiff."

The plaintiff then demands judgment (1) that said defendant be required to make an accounting to the end that it may be determined whether or not the amount offered by said defendant to said plaintiff was all that was due said plaintiff under the terms of said policy; (2) that said defendant be ordered and adjudged to pay to said plaintiff the just amount that is due said plaintiff under the terms of said policy; (3) that said defendant give such other and further relief as the court may think just and equitable, besides the costs of this action.

The defendant does not answer, but demurs to the complaint on the grounds (1) that it does not state facts sufficient to constitute a cause of action, and (2) that the court has not jurisdiction of the subject of the action.

The learned court before whom the demurrer came on for argument overruled the demurrer, writing an opinion in which he properly reaches the conclusion that the plaintiff framed his complaint upon the theory that the action was " one purely in equity," but erroneously holds that the complaint states an action at law, and entirely ignores the defendant's contention that the court was without jurisdiction of the

subject of the action. The learned court, after pointing out the allegations of fact on which an action at law might be predicated, says that " Inasmuch as the complaint states a cause of action it is not demurrable," citing *Abbott* v. *Easton* (195 N. Y. 372) which was an action to foreclose a mechanic's lien, and under the statute, though there was a failure to state a cause of action establishing the lien, it was proper to give a personal judgment against the contractor. It is true that the case laid down the proposition upon the authority of cases in which the courts have used general language to the effect that if any cause of action was stated demurrer would not be supported, but " ' General expressions in every opinion are to be taken in connection with the case in which those expressions are used. If they go beyond the case, they may be respected, but ought not to control the judgment in a subsequent suit when the very point is presented for decision.' " (*Weyerhaeuser* v. *Hoyt,* 219 U. S. 380, 394, and authority there cited; *People ex rel. Met. St. R. Co.* v. *Tax Comrs.,* 174 N. Y. 417, 447.) No well-considered case, either in the Court of Appeals, or in the Appellate Division, so far as our observation goes, has ever held that where the complaint, with its demand for relief, has been confined entirely to equitable matters it was any part of the duty of the court to search the pleadings for a possible action at law for the purpose of defeating a demurrer. Of course, if the pleader has made a mistake as to his exact relief he is not to be thrown out of court; he does not make his demand at the absolute peril of his legitimate cause of action, but where he sets forth facts proper only in an equitable action, and confines his demand for relief wholly to such relief as is appropriate only in a court of equity, he is not entitled to have his complaint sanctioned because it is possible to find within the limits of the pleadings facts which, if properly stated in connection with a demand for a legal remedy, would entitle him to maintain his action.

While legislators and publicists are vexing their minds with problems of simplified pleadings as a remedy for the alleged delays of the law, it may not be out of place to suggest that a fair trial of the Code of Civil Procedure, in which bench and bar should join, might obviate many of the difficulties supposed to exist. What can be simpler than the requirements of section

481 of the Code of Civil Procedure that the complaint shall contain " a plain and concise statement of the facts constituting each cause of action without unnecessary repetition," and " a demand of the judgment to which the plaintiff supposes himself entitled," and yet this entirely reasonable requirement is almost wholly ignored, and if a defendant resorts to a demurrer it seems to be assumed in many instances that the court is called upon in some manner to defeat the demurrant, and that the plaintiff must be kept in court at all hazards. A well-defined rule, consistently followed by the courts, is of far more importance in the orderly administration of the law than the formal adoption of new forms to be in turn disregarded. " Every innovation," says a maxim of the law, " occasions more harm and derangement of order by its novelty than benefit by its abstract utility " (Broom Leg. Max. [8th ed.] 147), and it seems to us that it is a proper time for the assertion of the utility of our present practice by a rational and consistent adherence to the Code requirements.

After providing that the complaint shall have a plain and concise statement of facts, with a demand for the judgment to which the plaintiff supposes himself entitled, the Code of Civil Procedure (§ 1207) requires that " Where there is no answer, the judgment shall not be more favorable to the plaintiff, than that demanded in the complaint." That is, where there is no answer, but a demurrer, the plaintiff is not entitled, upon an overruling of the demurrer, to any other or more favorable judgment than he has demanded, and where the court finds that under an equitable complaint, and an equitable demand for relief, the plaintiff has failed to state facts which call upon a court of equity to act, there is no foundation for a judgment at law; no such cause of action has been stated; no such demand for relief has been made. (*Edson* v. *Girvan,* 29 Hun, 422; *Swart* v. *Boughton,* 35 id. 281; *Corrigan* v. *Coney Island Jockey Club,* 51 N. Y. St. Repr. 592; *Low* v. *Swartwout,* 171 App. Div. 725; *Tucker* v. *Weeks,* 177 id. 158, 160; *Consolidated Rubber Tire Co.* v. *Firestone Tire & R. Co.,* 135 id. 805; affd., without opinion, passing on the question of whether facts sufficient to constitute a cause of action specially submitted, 199 N. Y. 536.)

In the *Consolidated Rubber Tire Company Case (supra)*

the action was brought to enforce a certain written contract for royalties, and the theory of the plaintiff appeared to be that it was entitled to a discovery of the facts necessary to its recovery by an inspection of the defendant's books, papers, etc., and incidentally to have judgment for the amount found to be due upon an inspection. The defendant's demurrer, upon the ground that the complaint did not state facts sufficient to constitute a cause of action, was overruled, and upon appeal it was urged that it should have been sustained because the cause of action attempted to be pleaded is an action at law and the prayer for relief is in equity. The plaintiff insisted that the action was one at law, and the court say that the only question to be determined is " whether an action at law has been stated in the complaint." After referring to the requirements of section 481 of the Code of Civil Procedure, and that section 518 of the same Code provides that " this chapter prescribes the form of pleadings in an action, and the rules by which the sufficiency thereof is determined," the court say that " unless the plaintiff has stated the facts necessary to constitute an action at law, and has demanded judgment consistent with such a demand, it has failed to state facts sufficient to constitute a cause of action, and the demurrer should have been sustained." The complaint was analyzed and the conclusion reached that the demurrer should have been sustained, and this conclusion was affirmed by the Court of Appeals, as above indicated. The case is not distinguishable in principle from the one at bar, and we think the rule should be deemed established that where the pleading is distinctly one in equity, and where the demand is solely for equitable relief, on demurrer the complaint may not be sustained merely because an astute examination may disclose facts which might give rise to an action at law.

We are of the opinion, likewise, that the court was not justified in ignoring the defendant's contention that the court was without jurisdiction of the subject of the action, though if there had been a pure action at law it is probable that the objection was not good. If the action was one in equity, and this is clearly what the plaintiff attempted, the recent case of *Sauerbrunn* v. *Hartford Life Ins. Co.* (220 N. Y. 363) would seem to be conclusive that a foreign insurance company cannot

be called to an accounting within this State where such accounting involves matters of its internal management within its home State.

The interlocutory judgment appealed from should be reversed and the defendant's demurrer should be sustained, with costs in all courts.

All concurred.

Interlocutory judgment reversed, with costs, and demurrer sustained, with costs, with usual leave to plaintiff to plead over within twenty days on payment of such costs.