Arthur Markewich, J.
The motion seeks summary judgment for the relief set forth in the complaint (outlined below), or partial summary judgment and such severance as may be necessary. Defendant cross-moves, seeking dismissal of the complaint upon the ground that it fails to state facts sufficient to constitute a cause of action. Based upon one omnibus cause of action, the complaint seeks the following relief, in substance: a declaratory judgment that a Connecticut judgment of divorce is valid; a declaration making said judgment, as modified and supplemented, the judgment of this court, enforcible here as if originally a judgment of this court; a direction to defendant to *1020 pay support arrears as fixed by said judgment and orders relative thereto; a declaration that it is defendant’s duty to support his children and compelling him to comply in future with support provisions of the Connecticut judgment; a direction that security be required of defendant for the future payments to be made; an injunction against defendant’s making various dispositions of his property; an order of sequestration; appointment of a receiver; and certain other related items of relief.
Upon its face the complaint does not state facts sufficient to constitute a cause of action for a declaratory judgment. No facts appear therein which indicate the existence of a real controversy requiring a declaration of the rights and legal relations of the parties. In such circumstances an action for declaratory judgment will not lie (Guardian Life Ins. Co. of America v. Graves, 268 App. Div. 809; Longo v. Longo, 133 N. Y. S. 2d 269; American News Co. v. Avon Pub. Co., 283 App. Div. 1041; MacCallum v. MacCallum, 2 A D 2d 193).
The balance of the relief sought is also basically equitable in nature and designated to obtain the benefits of the remedies granted by sections 1171, 1171-a, 1171-b, and 1182 of the Civil Practice Act. Under the facts here presented, plaintiff may only seek to recover the arrears in support payments and other moneys due under the Connecticut decree, and that only after reducing her claim therefor to judgment by means of a suit at law. The attempt to obtain security, sequestration, receivership and contempt is ineffectual; such remedies are granted to enforce judgments of another State for divorce only where the ground for divorce was adultery, which concededly is not the fact here (Civ. Prac. Act, §§ 1171, 1171-a, 1171-b; Mitchell v. Mitchell, 194 Misc. 73, 74, 75 and cases therein cited; Miller v. Miller, 219 App. Div. 61, 63, affd. 246 N. Y. 636). Plaintiff has an adequate remedy at law for the only relief to which she is now entitled: an action to make the judgment of Connecticut one of this court as a basis for any claim for moneys due thereunder for support, both as definitively assessed against defendant in Connecticut and as accruing since, and an action to reduce to judgment her claims for arrears in both categories: as reduced to dollars and cents in Connecticut and as having accrued since the Connecticut court did so. Such is not presented by this complaint, drawn as it has been as a prayer for equitable relief, and it is not sufficient for the purpose. The motion for summary judgment must be denied. There is no single portion of this complaint as drawn which may survive the cross motion to dismiss. Paragraph 19 of the complaint avers “ That this court has at least concurrent jurisdiction with said Connecticut court *1021 to compel the defendant to provide for the support and maintenance of the children of the parties.” It seems to urge this court’s intervention for the children’s support entirely separate and apart from the Connecticut decree, but it is not, as drawn, presented in such a way as even to establish jurisdiction here. There is no part of the complaint which may be severed out, as asked by the motion, either for partial summary judgment or to survive, in the present form, for trial. The cross motion is therefore granted, with leave to replead causes of action to make the Connecticut decree that of this court and, thereunder, to recover a money judgment for the arrears.
The allegations which seek support for the children other than on the basis of the Connecticut decree may not be repleaded; if the facts, particularly as to jurisdiction, justify the same, a new and different proceeding will be required. The amended pleading is to be served within 20 days after service of the order entered hereon. Settle order.