Samuel H. Hofstadter, J.
The defendant moves to vacate an order of arrest. The action was begun by the service of a summons bearing the indorsement ‘ ‘ Action for breach of contract to pay alimony ’ ’, and a notice that in default of answer judgment would be taken in the sum of $13,500, with interest and costs. The complaint, served after the defendant had appeared in the action, demands judgment for $13,500, with interest, claimed to be due under a separation agreement entered into on March 5, 1947. This separation agreement was adopted and incorporated in a divorce decree granted on July 28, 1947, by the Second Judicial District Court of Nevada, County of Washoe, in an action begun by the defendant husband, in which his then wife, the plaintiff in the present action, through her attorney, filed an answer and cross complaint. The Nevada decree granted the wife a final and absolute divorce on her cross complaint on the ground that the parties had lived separate and apart for more than three consecutive years prior to the filing of the answer and cross complaint.
The complaint in this action is somewhat ambiguous in its thrust; while it makes the Nevada decree a part of the complaint, it nevertheless alleges nonpayment of the installments due under the separation agreement, the plaintiff’s due performance of all the terms and conditions of that agreement and, as already stated, concludes with a demand for a money judgment of $13,500. The complaint thus has much of the color of one in an action to recover money due under the separation agreement. For the purpose of discussion the court will, however, assume in the plaintiff’s favor that the intention is rather to sue on the Nevada decree.
The order of arrest was granted by the court pursuant to section 827 of the Civil Practice Act which authorizes arrest “ in an action wherein the judgment demanded requires the performance of an act the neglect or refusal to perform which would be punishable by the court as a contempt, where * * * there is danger that a judgment or an order requiring the performance of the act will he rendered ineffectual, ” The order, obtained before the complaint was served or, indeed, even verified, recites that the defendant neglected or refused to make payments required by the Nevada court for the support of the plaintiff, his former wife, which neglect or refusal would be punishable by the court as a contempt.
The present motion then poses the question whether the plaintiff can obtain a judgment in this action which will require the performance of an act, the neglect or refusal to perform which would be punishable as a contempt. If the answer to this *356 question is in the negative, it is immaterial whether the defendant is a nonresident of the State or about to depart therefrom. Since the court concludes that the ultimate judgment may not require the performance of such act, it need not concern itself with the sufficiency of the proof of the danger that the judgment may be rendered ineffectual.
Ordinarily a money judgment is enforcible only by execution. The equitable remedies for the enforcement of a divorce judgment of this State are not available in an action brought here on a like judgment of another State unless the divorce in the sister State was granted on the ground of adultery (Civ. Prac. Act, §§ 1171,1172). It is well established that these two sections of the Civil Practice Act must be read together and that the limitation prescribed by section 1171 in respect of a divorce granted in another State applies as well to contempt proceedings authorized in section 1172 (Miller v. Miller, 219 App. Div. 61, affd. 246 N. Y. 636; Griffin v. Griffin, 275 App. Div. 541; Kelley v. Kelley, 275 App. Div. 887; Daniels v. Daniels, 152 N. Y. S. 2d 909; Moen v. Thompson, 186 Misc. 647; Shrager v. Shrager, 6 Misc 2d 1019). The Nevada divorce not being grounded on adultery, the present action, even if treated as brought for the enforcement of the alimony payments directed in the Nevada decree, can result only in a money judgment for the arrears found to be due. Such judgment will not require the performance of an act whose nonperformance is punishable as a contempt. It follows that the necessary basis for the granting of an order of arrest under section 827 of the Civil Practice Act is lacking and the order of arrest is accordingly vacated.
Settle order.