Keating, J.
In October, 1964, Evelyn and Joseph Drogheo entered into a separation agreement, which ultimately was followed by a dissolution of their marriage via a Mexican divorce. The divorce decree incorporated the parties’ separation agreement. Under the pertinent part of the agreement the husband was to pay $23 weekly to the wife for her support.
As of May 25, 1966 Mr. Drogheo was $376 in arrears under the decree. Mrs. Drogheo, thereafter, petitioned the Family Court, pursuant to subdivision (c) of section 466 of the Family Court Act, to enforce the support provision of the Mexican decree, and on June 16, 1966 the Family Court held a hearing on the petition. The court denied a motion made by the respondent to dismiss which was directed to the Family Court’s jurisdiction ; denied a cross application by the respondent for downward modification of the decree’s support provision; and granted the *184 petition. By an order of the Family Court dated June 16,1966, the respondent was determined to be $445 in arrears under the Mexican decree, and was ordered to pay $23 weekly to the petitioner pursuant to the decree, beginning June 17, 1966, plus $5 weekly on the arrears.
On August 29, 1966 the Family Court held another hearing and made another order. This order fixed arrears under the Family Court order of June 16 at $276, and total arrears at $652; the respondent was required to make a cash bond of $250, or serve 30 days in the workhouse; the order of June 16 was continued and all payments under such order were to be held by the Support Bureau of the Family Court pending an appeal to the Appellate Division.
The Appellate Division, with one Justice dissenting, reversed the orders of the Family Court and dismissed the petitioner’s application to enforce the provision of the Mexican decree.
The court found that subdivision (c) of section 466 of the Family Court Act (amd. by L. 1965, ch. 355, eff. Sept. 1, 1965), which authorized the Family Court to enforce and modify decrees of alimony or support granted by courts ‘ ‘ not of the state of New York ”, was unconstitutional for the reason that, under the Constitution of this State, the Family Court had no jurisdiction to enforce or modify the support provision of a foreign divorce decree and the Legislature did not have the authority to confer such jurisdiction on the Family Court.
We believe that the Legislature had the authority under article VI (§7, subd. c) of the Constitution to confer upon the Family Court the powers contained in subdivision (c) of section 466. Section 7 of article VI of the Constitution reads as follows:
‘‘a. The supreme court shall have general original jurisdiction in law and equity * * *
“c. If the legislature shall create new classes of actions and proceedings, the supreme court shall have jurisdiction over such classes of actions and proceedings, but the legislature may provide that another court or other courts shall also have jurisdiction and that actions and proceedings of such classes may be originated in such other court or courts.”
The sole question presented is whether the right to commence a proceeding to enforce or modify the provisions of a foreign *185 divorce decree in the courts of this State constitutes a new class of action or proceeding within the provision of this article.
The “new classes of actions and proceedings ” as to which the Legislature is permitted to confer jurisdiction in other courts, concurrently with Supreme Court, are those which the Supreme Court — absent the statutory authorization—would be without jurisdiction to entertain—actions and proceedings which were unknown at common law. (Thrasher v. United States Liab. Ins. Co., 19 N Y 2d 159; Langerman v. Langerman, 303 N. Y. 465; Matter of Steinway, 159 N. Y. 250, 255-258.)
At common law the courts of this State had no jurisdiction over matrimonial matters and, hence, the power of the Supreme Court over such matters is derived solely by virtue of statutory grants of authority. (Langerman v. Langerman, 303 N. Y. 465, 470, supra.) Prior to the enactment of section 466 the courts of this State were without jurisdiction to entertain a request to enforce or modify the provisions of a foreign matrimonial decree unless the decree was entered on grounds which were recognized in this State. (Domestic Relations Law, §§ 243, 245; Miller v. Miller, 219 App. Div. 61, affd. 246 N. Y. 636; Griffin v. Griffin, 275 App. Div. 541; Kelley v. Kelley, 275 App. Div. 887; Daniels v. Daniels, 152 N. Y. S. 2d 909; Moen v. Thompson, 186 Misc. 647; Shrager v. Shrager, 6 Misc 2d 1019; Cromwell v. Cromwell, 21 Misc 2d 354; see, also, note, 31 Brooklyn L. Rev. 341, 354.)
Subdivision (c) of section 466 of the Family Court Act empowered the Family Court to entertain applications to enforce and modify the alimony and support provisions of foreign decrees irrespective of the grounds upon which the decrees were granted. Since the right to commence such proceedings was not recognized at common law and could not, therefore, have been exercised prior to the amendment of section 466 it may and should, as a matter of policy, be viewed as a new class of proceeding. (See Matter of Hinckley v. Hinckley, 54 Misc 2d 1; Matter of Hambleton v. Palmer, 54 Misc 2d 766; cf. Fabrikant v. Fabrikant, 19 N Y 2d 154; see, also, Sladkus, Family Court’s Power in Alimony and Child Support in Foreign Divorce Decrees, N. Y. L. J., Aug. 23,1967, p. 1, col. 4.)
We note that the respondent has not advanced a single argument in support of the conclusory statement in the Appellate Division opinion that article VI (§ 7, subd. c) of the Constitution *186 could not be relied upon as a source of legislative authority to enact section 466 and we perceive none.
While it is true that section 466 does not directly confer jurisdiction on the Supreme Court, concurrently with the Family Court, to entertain applications for the enforcement and modification of foreign alimony and support decrees, we have held that “ [o]nce the Legislature create [s'] the [new] cause of action, jurisdiction to entertain it automatically vest[s] in the Supreme Court by virtue of article VI of the Constitution.” (Thrasher v. United States Liab. Ins. Co., 19 N Y 2d 159, 166, supra; emphasis added.)
Moreover, even if this were not the case, the judicial policy of construing legislative enactments so as to preserve their constitutionality and continuing vitality (see People v. Kaiser, 21 N Y 2d 86) would require us to construe the statute in such a manner as to provide the Supreme Court with concurrent jurisdiction to entertain applications pursuant to section 466.
For the reasons stated the order of the Appellate Division should be reversed and the orders of the Family Court reinstated, with costs.
Chief Judge Fttld and Judges Van Voorhis, Burke, Bergan and Breitel concur with Judge Keating; Judge Scileppi dissents and votes to affirm on the opinion at the Appellate Division.
Order reversed, etc.