Chief Judge Breitel.
Defendant wife in a protracted litigation, one of several between the parties, by postjudgment motion sought to set aside the final judgment of divorce against her on the ground that the court never had subject matter jurisdiction (CPLR 5015, subd [a], par 4). Plaintiff husband started the action, originally only for a separation, in August, 1965. After an appeal and two trials the husband obtained the judgment of divorce in 1970. The Appellate Division affirmed that judgment in 1972, and both that court and this denied leave to appeal to the Court of Appeals. Special Term, in 1975, granted the wife’s motion to set aside the judgment, but the Appellate Division modified the order by denying the motion and reinstating the final judgment of divorce. Defendant wife appeals.
In the postjudgment motion, by a newly retained lawyer, made four years after the final judgment and almost two years after appeal had been exhausted, the wife argued that the Supreme Court had been without subject matter jurisdiction. There had been failure, she contended, to satisfy the durational residence requirement by the husband in order for him to obtain a divorce under the State’s liberal divorce laws enacted while the action was pending. Her theory is that the Supreme Court’s jurisdiction in matrimonial actions for separation and divorce is exclusively statutory and absent the basic facts upon which to ground such actions the court is without subject matter jurisdiction, which, she argues, may never be cured, waived, or overcome. The issue is, therefore, whether, as the wife argues, the residence requirements in matrimonial actions, often described as jurisdictional, involve a kind of subject matter jurisdiction without which a court is powerless to render a valid judgment.
The order of the Appellate Division should be affirmed. Just as one of the statutory grounds in section 170 of the Domestic *73 Relations Law must exist to obtain a divorce, the existence of at least one of the connections with the State set forth in section 230 of the same law is equally essential. The requirements of section 230, however, go only to the substance of the divorce cause of action, not to the competence of the court to adjudicate the cause. Hence, a divorce judgment granted in the absence of one of the specified connections with the State, even if erroneously determined as a matter of law or fact, is not subject to vacatur under CPLR 5015 (subd [a], par 4). Of course, for the judgment to be invulnerable in other States of the Union the minimal contacts with the State required under Federal constitutional standards, and satisfied in this case, must also be present (see Sosna v Iowa, 419 US 393, 407-408; Williams v North Carolina, 325 US 226, 229-230). On this view, the court need not decide whether, in this case, the requirements of section 230 were in fact met.
The parties were married in New York in 1938. After an apparently turbulent marriage, marked since 1953 by a series of bitter litigations, the husband, on August 10, 1965, began this action for a separation on the ground of cruelty. After nonjury trial, Supreme Court, on June 28, 1967, dismissed the complaint, but, on March 26, 1968, the Appellate Division reversed, and ordered a new trial. At the second trial, plaintiff husband, in reliance upon the then recent liberalizing changes in the divorce law, added a prayer for a judgment of absolute divorce, on the same allegations and proof as the earlier cause for separation. The husband was granted a judgment of divorce on March 16, 1970, and, after modifications not now relevant, the judgment was affirmed by the Appellate Division on October 26, 1972. Leave to appeal to the Court of Appeals was denied by both the Appellate Division and this court. The final judgment was thus beyond further review.
Then, nearly two years later, defendant, through her most recently retained lawyer, moved to vacate the judgment, contending that the court had been without subject matter jurisdiction to entertain the divorce action. She argued that the husband had not been a resident of New York for a full year preceding the commencement of the original action, and that the court had thus erroneously granted a divorce judgment in violation of the provisions of section 230. This defect, she urged, deprived the court of subject matter jurisdiction, and all the proceedings and the judgment were a nullity.
There are complications of fact and law of only marginal *74 relevance. For example, when the original separation action was begun there was no durational residence requirement for seeking either a separation or a divorce, but divorce was then available only on the ground of adultery. When the Domestic Relations Law was amended to liberalize the grounds for divorce, evidently to prevent the courts of this State from becoming "divorce mills”, a durational residence requirement was imposed. The wife has repeatedly changed lawyers and there have been multiple actions in this State, Florida, Puerto Rico, and France. During the years of the multiple litigations, the husband moved to Puerto Rico, to France, returned to New York, and then moved to Florida. He recently remarried. While these factors have contributed to a swollen and confused record, they have no direct bearing on the principal issue: whether an otherwise valid divorce judgment, depends, jurisdictionally, upon a correct determination of the statutory residence requirements, that is, whether the competence of the court depends upon a correct determination of the residence requirements.
The confusion, if there be confusion, starts with a line of decisions dating back to the last century and continuing into the present in which this court has said with less than perfect meticulousness that "jurisdiction” of New York courts in matrimonial cases is limited to the powers conferred by statute (Matter of Seitz v Drogheo, 21 NY2d 181, 185; Langerman v Langerman, 303 NY 465, 469-471; Caldwell v Caldwell, 298 NY 146, 152; Ackerman v Ackerman, 200 NY 72, 76; Walker v Walker, 155 NY 77, 80; Erkenbrach v Erkenbrach, 96 NY 456, 463-465). Jurisdiction is a word of elastic, diverse, and disparate meanings (see Nuernberger v State, 41 NY2d 111).
A statement that a court lacks "jurisdiction” to decide a case may, in reality, mean that elements of a cause of action are absent (see, e.g., McNamara v Allstate Ins. Co., 3 AD2d 295, 299). Similarly, questions of mootness and standing of parties may be characterized as raising questions of subject matter jurisdiction (see, e.g., Sosna v Iowa, 419 US 393, 398, 402, supra; Massachusetts v Mellon, 262 US 447, 484-485). But these are not the kinds of judicial infirmities to which CPLR 5015 (subd [a], par 4) is addressed. That provision is designed to preserve objections so fundamental to the power of adjudication of a court that they survive even a final judgment or *75 order (see, generally, 5 Weinstein-Korn-Miller, NY Civ Prac, par 5015.10).
In Thrasher v United States Liab. Ins. Co. (19 NY2d 159, 166), this court, in discussing subject matter jurisdiction, drew a clear distinction between a court’s competence to entertain an action and its power to render a judgment on the merits (accord Burnet v Desmornes, 226 US 145, 147 [Holmes, J]). Absence of competence to entertain an action deprives the court of "subject matter jurisdiction”; absence of power to reach the merits does not.
The implications of this distinction are serious. It is black-letter law that a judgment rendered without subject matter jurisdiction is void, and that the defect may be raised at any time and may not be waived (see 21 CJS, Courts, §§ 108-110, 116). Thus stated, the rule is grossly oversimple. The problem requires better analysis, and one long overdue (see, e.g., Dobbs, Validation of Void Judgments: Bootstrap Principle, 53 Va L Rev 1003, 1241). Nevertheless, the breadth with which the rule is often stated indicates the importance traditionally attached to so-called subject matter jurisdiction, really competence of courts, and the grave consequences, including denial of res judicata effect to judgments, which may result from a lack of true subject matter jurisdiction or competence. Beyond the confusion engendered by a misapplication of the terminology and concept of subject matter jurisdiction, there is more created by the locution that in this State the courts’ power in matrimonial actions is exclusively statutory. Yet in counterpoint, it has often been said: "the Supreme Court is a court of original, unlimited and unqualified jurisdiction” and "competent to entertain all causes of action unless its jurisdiction has been specifically proscribed” (Kagen v Kagen, 21 NY2d 532, 537; Thrasher v United States Liab. Ins. Co., 19 NY2d 159, 166, supra; see NY Const, art VI, § 7).
Against the State Constitution’s broad grant of jurisdiction to the Supreme Court, defendant offers the language of section 230 of the Domestic Relations Law. It provides merely that "[a]n action * * * for divorce or separation may be maintained only when” the residence requirements are met. Not even the catchall word "jurisdiction” appears in the statute, much less an explicit limitation on the court’s competence to entertain the action. In no way do these limitations on the cause of action circumscribe the power of the court in the sense of competence to adjudicate causes in the matrimonial *76 categories. That a court has no "right” to adjudicate erroneously is no circumscription of its power to decide, rightly or wrongly.
The case law is similarly unavailing to the wife. None of the cases in this court which have rather broadly stated that, absent statutory authorization, the Supreme Court has no "jurisdiction” over matrimonial actions, has dealt with a party seeking to vacate a final judgment after direct appeals had been exhausted. Instead, in some the court was dealing with the initial appeal of the trial court’s determination on the "jurisdictional” issue (Langerman v Langerman, 303 NY 465, 469, supra; Ackerman v Ackerman, 200 NY 72, 74-75, supra; Walker v Walker, 155 NY 77, supra; Erkenbrach v Erkenbrach, 96 NY 456, 463, supra). In others, the jurisdictional pronouncements were general relevant observations not decisive of any issue (Matter of Seitz v Drogheo, 21 NY2d 181, 185, supra; Caldwell v Caldwell, 298 NY 146, 152, supra). Hence, although some of these were not matrimonial actions as now defined in CPLR 105 (subd [o]), each case is explained on the basis that, absent statutory authority, no matrimonial cause of action exists and absent the essential elements prescribed it may not prevail.
The court has never before considered the unlikely question, until this case, whether the judicial error on an essential element of the cause of action was so fundamental as to permit vacatur of a final judgment, collaterally or after final judgment beyond ordinary appellate review. Had that ever been the problem unlikely until this case, perhaps the need for a less elastic and encompassing term than the word "jurisdiction” would have been apparent.
Moreover, even if defendant’s dubious interpretations of prior case law be accepted, this court has held that the 1962 revised article VI of the State Constitution expanded the Supreme Court’s jurisdiction to include "any proceeding not recognized at common law” (Kagen v Kagen, 21 NY2d 532, 536-537, supra; Matter of Seitz v Drogheo, 21 NY2d 181, 185-186, supra). Matrimonial actions were not known to the common-law courts, but were instead a creation of the ecclesiastical courts (Langerman v Langerman, 303 NY 465, 469-470, supra). It would appear, therefore, that by virtue of the constitutional amendment, the Supreme Court is now vested constitutionally with "subject matte! jurisdiction” in matrimonial cases, assuming that such an assertion is necessary to *77 give the Supreme Court a competence in matrimonial causes equal to that in common-law or equity causes.
Hence, any error of law or fact which might have been committed in the divorce action did not deprive the court of jurisdiction to adjudicate the case, CPLR 5015 (subd [a], par 4) is inapplicable, and Special Term erroneously vacated the final judgment.
In sum, the overly stated principle that lack of subject matter jurisdiction makes a final judgment absolutely void is not applicable to cases which, upon analysis, do not involve jurisdiction, but merely substantive elements of a cause for relief. To do so would be to undermine significantly the doctrine of res judicata, and to eliminate the certainty and finality in the law and in litigation which the doctrine is designed to protect.
In concluding the jurisdiction-competence issue it is not assumed that the courts in the action made any error of law or fact in determining the durational or initial residence requirements to maintain an action for a separation or a divorce. Nor is it assumed that the same courts did not consider and determine the issues of residence, whether or not raised by the wife. On the contrary, there was considerable evidence of residence by the husband, and the court obviously determined that the husband had some residence even if not of the duration to satisfy the matrimonial statutes. The point is that the litigation having gone to final judgment, the right to review by appeal having been exhausted, that is and should be the end of the matter.
On the foregoing analysis it has been unnecessary to dissect the elements of subject matter jurisdiction, because it turns out that the contentions of the wife are not addressed to bases for subject matter jurisdiction. Rather, despite her characterization of subject matter jurisdiction in order to invoke CPLR 5015 (subd [a], par 4) to undo a final judgment of four years’ standing, the defects to which she points relate only to substantive elements in a cause of action adjudicable by the Supreme Court, a court competent to decide all the substantive issues.
Accordingly, the order of the Appellate Division should be affirmed, without costs.
Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
*78 Order affirmed, without costs. Question certified answered in the affirmative.