OPINION OF THE COURT
Arthur E. Blyn, J.
Motion by plaintiff former wife, brought on by order to show *728 cause, to modify the judgment of divorce between the parties of the State of New Jersey so as to insert a provision for alimony is consolidated for the purpose of disposition with the motion by defendant to dismiss plaintiff’s application.
Defendant’s motion to dismiss is principally premised on the theory that this court has no subject matter jurisdiction to modify a sister State judgment of divorce with respect to alimony when the foreign judgment does not provide for alimony.
A thorough examination of this court’s jurisdiction must start with the New York Constitution. Article VI (§ 7, subd a) of the New York Constitution, which was enacted in 1962, defines the jurisdiction of the Supreme Court as "general original jurisdiction in law and equity”. Article VI (§ 7, subd b) of the New York Constitution adds that the Supreme Court shall also have jurisdiction over new classes of actions and proceedings created by the Legislature.
The New York courts however have no common-law jurisdiction over divorce or its incidents. Thus the power of the Supreme Court to modify a provision for alimony exists only by virtue of a legislative grant. (Northrup v Northrup, 43 NY2d 566, 570 and the cases cited therein.)
The Legislature, by amending section 466 of the Family Court Act (L 1965, ch 355, eff Sept. 1, 1965), empowered the Family Court to modify the alimony provisions of foreign decrees "irrespective of the grounds upon which the decrees were granted.” (Matter of Seitz v Drogheo, 21 NY2d 181, 185.) While subdivision (c) of section 466 of the Family Court Act did not directly confer this jurisdiction on the Supreme Court, article VI of the New York Constitution automatically vested such jurisdiction in the Supreme Court because modification of foreign alimony awards was á new class of action created by the Legislature. (Seitz, supra, p 186.)
Subject matter jurisdiction in this case, however, cannot be based upon section 466 of the Family Court Act as applied to the Supreme Court by article VI of the New York Constitution because the Court of Appeals, by a bare 4 to 3 majority, in Matter of Silver v Silver (36 NY2d 324), held that the Legislature did not intend section 466 to empower the Family Court to award alimony when the spouse is not currently entitled to any alimony under the existing foreign divorce decree. Section 466 of the Family Court Act appears to be the *729 only legislative enactment which has allowed any New York court to modify alimony provisions of sister State decrees.
In Seitz (21 NY2d 181, 185, supra) the court stated in dictum: "Prior to the enactment of section 466 the courts of this State were without jurisdiction to entertain a request to enforce or modify the provisions of a foreign matrimonial decree unless the decree was entered on grounds which were recognized in this State.” It is possible to derive more than one meaning from those words. But it is unlikely that the language was intended to mean that prior to 1965 New York courts had some power to modify foreign alimony decrees.
None of the cases cited in Seitz (supra) for the pre-section 466 law granted such a modification. Among those is Moen v Thompson (186 Misc 647) which held that the Supreme Court is without power to increase alimony awards resulting from foreign divorces. The Moen court relied on Little v Little (146 Misc 231, affd 236 App Div 826) to support its conclusion.
In Little (supra) the court held that sections 1155 and 1170 of the Civil Practice Act, which granted power to modify directions for the payment of alimony, applied only to actions for divorce or separation brought in New York and not to foreign decrees. The court noted in Little (supra, p 232) that sections 1171 and 1172 of the Civil Practice Act, which dealt with sequestration and contempt proceedings, specifically referred to both an action brought in New York as an action "for divorce or separation”, and to an action brought upon a foreign judgment of divorce or separation, whereas sections 1155 and 1170 of the Civil Practice Act mentioned only actions for divorce or separation. The Little court thus concluded that the Legislature intended the words "action for divorce or separation” as used in the modification sections of the Civil Practice Act to apply only to such actions brought in the courts of this State. Therefore, our courts were powerless to modify a foreign decree although no explicit limitations appeared in the statutes.
The current section 236 of the Domestic Relations Law, relied upon by plaintiff at bar, is derived from the Civil Practice Act sections construed in Little (supra). The frequent citation by courts to Little (supra) with approval therefore leads to the conclusion that section 236 of the Domestic Relations Law provides no basis for the Supreme Court to modify foreign alimony decrees.
Closer in time to the enactment of subdivision (c) of section *730 466 of the Family Court Act, is a decision in which the Supreme Court again indicated that modification of foreign alimony decrees was not available in New York. (Steinhauser v Steinhauser, 5 Misc 2d 539.) In Morse v Morse (3 Misc 2d 163, 165) while the Appellate Term did not reach the "broad question whether a New York court may, in any case, modify” a California alimony decree, the court was persuaded that the Domestic Relations Court was powerless to make such modification.
This court is unable to require the payment of alimony under subdivision (c) of section 466 of the Family Court Act because plaintiff is not currently entitled to alimony under the New Jersey judgment of divorce. (Matter of Silver v Silver, 36 NY2d 324, supra.)
The motion to modify is denied mooting the motion by defendant to dismiss.