OPINION OF THE COURT
Jacqueline W. Silbermann, J.
The City of New York, the mortgagee, seeks an order *1073 appointing Paul Grotty, Commissioner of the Department of Housing Preservation and Development of the City of New York, as Receiver, without commissions of all rents and profits during the pendency of the foreclosure action of the premises situated at 629 East 5th Street, New York, New York; authorizing the Receiver to expend moneys necessary to properly repair, run and maintain said premises; and to add such sums expended to the judgment lien in the foreclosure action.
The owner of the premises opposes the appointment of a Receiver claiming, inter alia, that a sale of the building to a not-for-profit corporation is imminent which would allow the payment of the mortgage debt and that in any event section 302-b of the Multiple Dwelling Law is unconstitutionally vague and a deprivation of property without due process of law.
The building in question contains 24 apartments and is primarily occupied by low-income tenants. A certain number of the apartments are presently occupied by squatters. The condition of the apartments and common hallways is deplorable as evidenced by the hundreds of violations, many of which are classified as “hazardous” and as “immediately hazardous.” The situation cries out for a court of equity to intervene in the interest of the health and safety of the tenants.
There is no question as to the fact that the owner is in default; that over $200,000 including principal and interest is due to the City of New York, the mortgagee; and that a foreclosure action has been commenced.
For these reasons the City of New York, the mortgagee, has moved herein that a Receiver be appointed during the foreclosure proceedings pursuant to section 302-b of the Multiple Dwelling Law to remove the violations, make the premises habitable, and that the funds expended be added to any foreclosure judgment.
Section 302-b (1) provides as follows: “Notwithstanding any other provision of law, where a receiver has been appointed in foreclosure proceedings instituted by a mortgagee with respect to any multiple dwelling, such mortgagee may advance to such receiver funds necessary for the operation of such multiple dwelling and for the making of repairs therein necessary to remove conditions constituting violations of this chapter. Such receiver shall, to the extent possible, repay any and all such advances from income received by him with respect to *1074 the property and, if such income is insufficient to permit complete repayment of such advances, any amounts which cannot be so repaid, with interest, shall be added to the amount of the lien of such mortgagee upon entry of a foreclosure judgment, provided, however, that such amounts shall not be the basis for any additional personal liability on the part of the mortgagor.”
Respondent argues that the phrase "funds necessary for the operation of such multiple dwelling” is unconstitutionally vague. Furthermore, respondents urge that the provision that sums advanced "shall be added to the amount of the lien of such mortgagee” is an unconstitutional deprivation of property without due process of law.
It is a basic concept of law that there is a presumption of constitutionality which attaches to the enactment of a statute. (Coffman v Coffman, 60 AD2d 181 [2d Dept 1977]; 8 NY Jur, Constitutional Law, § 59.) The court has an obligation in construing a statute to bring it into harmony with the Constitution, if its language will permit. (Matter of Seitz v Drogheo, 21 NY2d 181 [1967]; Spahn v Julian Messner, Inc., 21 NY2d 124 [1967].)
"A basic and necessary consideration in the interpretation of a statute is the general purpose and policy underlying its enactment (McKinney’s Cons Laws of NY, Book 1, Statutes, § 96). A court, in construing a statute, should consider the 'mischief sought to be remedied’ and should favor the construction which will 'suppress the evil and advance the remedy.’ (McKinney’s Cons Laws of NY, Book 1, Statutes, § 95.)” (Lincoln First Bank v Rupert, 60 AD2d 193, 197 [4th Dept 1977].)
An examination of the statute itself leads one to conclude that the purpose is to permit and encourage mortgagees of multiple dwellings to remove violations which the owners have failed to correct. It is apparent that in order to accomplish the purpose of the Legislature and keep the housing stock free of hazardous violations mortgagees must be allowed to add the moneys advanced for such purposes to the mortgage lien. Any other interpretation clearly would not assure the result intended. It is obvious that few if any mortgagees would be philanthropic enough to advance their own moneys to improve the property with little or no hope of recoupment.
Nor is there any problem with regard to vagueness as to what repairs with respect to the property may be made by the *1075 Receiver. A Receiver is appointed by the court and his or her acts will be reviewed by the court.
In this court’s opinion legislation such as this which is reasonably calculated to provide better living conditions, that is, ones not hazardous to life, health or safety, is in the best interest of the public welfare.
Similarly, RPAPL article 7-A which allows the appointment of an administrator when there is a finding, inter alia, of dangerous conditions was found to be a valid exercise of police powers. (Matter of Himmel v Chase Manhattan Bank, 47 Misc 2d 93 [Civ Ct, NY County 1965].) Where a statute is not palpably invalid a court at nisi prius should not declare it unconstitutional. Here, the legislation properly addresses a proper concern of government that is to protect the public welfare. Based on the foregoing, section 302-b of the Multiple Dwelling Law is constitutional.
Due to the contract for sale of the premises to a not-for-profit corporation, the City of New York, the mortgagee, had adjourned this motion in anticipation of having the default cured. However, it appears that squatters have moved into vacant apartments in the building. As a result the contract purchaser has required the owner to commence holdover proceedings in the Civil Court to vacate these units prior to closing title. Thus, it appears much time may elapse before any prospective sale. With winter drawing near and the condition of the building in such a deplorable state, the mortgagee correctly seeks a Receiver herein both to protect its lien and for the welfare of the tenants residing in the subject building.
Accordingly, the motion is granted.